Per Curiam :
As nearly as the court can determine, plaintiff, in his petition, appears to claim an illegal release from active duty and entitlement to pay and allowances, or retirement pay for physical disability.
Defendant has filed a motion to dismiss the petition,[1] contending that any claim which petitioner may state is barred by the statute of limitations, 28 U.S.C. § 2501.[2]
Plaintiff counters with a motion for summary judgment which in itself is quite confusing. It seems clear, however, that plaintiff’s petition is out of time. He was released from service on March 10, 1944. His application to the Air Force Discharge Keview Board for a review of the type of discharge was denied January 18, 1950. His application for change in type of discharge was again considered by the Air Force Discharge Keview Board and denied August 19, 1959, His application to the Air Force Board for Correction of Military Kecords was denied November 22,1961.
All the above dates are more than six years prior to August 1, 1969, the date of filing of his petition. Accordingly, the court, under Kule 146 (b) (2), without oral argument, grants defendant’s motion for summary judgment, on the ground that the petition is barred by the statute of limita *191 tions, supra, and 'denies plaintiff’s motion for summary judgment. Plaintiff’s petition is dismissed.

 Attached to defendant’s motion are exhibits. Accordingly, we will treat defendant’s motion, filed October 20, 1969, as a motion for summary judgment.

 28 U.S.C. § 2501 provides, in pertinent part, as follows:
“Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.”